UNITED STATES of America, Appellee,

v.

Willie Arthur PARKER, Jr., Appellant.

UNITED STATES of America, Appellee,

v.

Aubrey Louis THOMPSON, Appellant.

Nos. 83–5285, 83–5286.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1984.

Decided Aug. 20, 1984.

Certiorari Denied Dec. 3, 1984.
See 105 S.Ct. 575.

Coming B. Gibbs, Jr., Charleston, S.C. (Gibbs & Holmes, Charleston, S.C., John W. Hendrix, Lexington, S.C. and Andrew J. Savage, III, Charleston, S.C., on brief), for appellants.

Marvin J. Caughman, Asst. U.S. Atty., Columbia, S.C. (Henry Dargan McMaster, U.S. Atty., Columbia, S.C., on brief), for appellee.

Before RUSSELL and WIDENER, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

The defendants were convicted of perjury under 18 U.S.C. § 1623(a), (c) after they swore in support of a new trial motion that their earlier testimony in a prosecution for narcotics smuggling was false.

We affirm their convictions.

I.

The defendants were among those arrested during the seizure of the marijuana-laden trawler *Myrtle S.* under circumstances fully set forth in our opinion in *United States v. Walker*, 696 F.2d 277 (4th Cir. 1982). In separate trials, the defendant Parker, who had been a member of the crew of the trawler, was convicted, and the

defendant Thompson, who had been aboard a small motorboat which had gone down St. Helena Sound to meet the incoming trawler in the middle of the night and to lead it to the intended landing site on the Combahee River, was acquitted, apparently because the jury was not convinced beyond a reasonable doubt that he knew that the trawler's cargo was marijuana.

The United States then sought the convictions of four others, Phillips, Walker, Mixon and Bashlor, for their participation in the importation of the marijuana. Grants of immunity were given to Parker and Thompson who testified separately before the grand jury and implicated the four in the smuggling venture. The four were indicted and convicted in a trial over which District Judge Blatt presided. Thompson appeared as a witness for the prosecution and testified about the involvement of each of the four defendants. Parker was attempting to change his story, and the District Judge, fearing that Parker would subject himself to prosecution for perjury, permitted him to assert his privilege against self-incrimination. He was treated as an unavailable witness, and his grand jury testimony was read to the jury.

The convictions of all four defendants were affirmed by this court in *United States v. Walker, supra.*

Thereafter, Phillips moved for a new trial on the basis of newly discovered evidence, a recantation by Thompson and Parker of their testimony in the prosecution of the four *Walker* defendants. Despite repeated warnings from Judge Blatt about the risk of a perjury prosecution, Thompson and Parker both testified at a hearing on the new trial motion that they had falsely implicated Phillips in the *Myrtle S* affair because of threats from a man named Stevenson, since deceased, and two unidentified Cubans. Parker recanted his testimony about the involvement of the other three *Walker* defendants as well. In a trial over

which Judge Blatt again presided, the defendants were convicted of perjury on the basis of the irreconcilable contradictions in their testimony. *See* 18 U.S.C. § 1623(c).

## II.

The defendants' principal contention on appeal is that Judge Blatt should have recused himself under the provisions of 28 U.S.C. § 455, which provides in part:

(a) Any justice, judge, magistrate or referee in bankruptcy of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

(b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding.

 They first assert that the judge had personal knowledge of disputed evidentiary facts within the meaning of § 455(b)(1). The claim must fail, for Judge Blatt's familiarity with the facts stemmed entirely from his judicial conduct in presiding over earlier proceedings. *See United States v. Carmichael,* 726 F.2d 158 (4th Cir.1984). It is not contended that Judge Blatt knew anything of the facts involved in any of these proceedings except what he had heard as presiding judge in the courtroom.[1]

 Nor was there any appearance of impropriety in the fact that Judge Blatt presided over the perjury trial after having earlier denied a motion to suppress evidence of their testimony at the Phillips new trial hearing. They contended that at the time of the hearing of the new trial motion they were insufficiently advised of their right to counsel and their privilege against self-incrimination. The suppression motion was denied, and the evidence of their testi-

---

**1.** To ensure impartiality, Judge Blatt insisted that the case be tried to a jury. The defendants' complaint that this ruling precluded them from raising "technical" defenses at trial is unavail-

ing, for they had no right to a non-jury trial. *Singer v. United States,* 380 U.S. 24, 85 S.Ct. 783, 13 L.Ed.2d 630 (1965).

 

mony at the new trial hearing, of course, was admitted in the perjury trial.

In support of their claim, the defendants rely upon *Rice v. McKenzie*, 581 F.2d 1114 (4th Cir.1978). There, we held that § 455(a) barred a federal district judge from hearing a habeas corpus petition that previously had been before him as a state supreme court justice. Reliance was placed upon a federal statute prohibiting federal judges from hearing appeals in cases over which they had presided as district judges. *See* 28 U.S.C. § 47. Trial judges, however, are frequently called upon to reconsider prior rulings. This is not only permitted but encouraged to promote efficient and informed decision making. *See, e.g.,* 28 U.S.C. § 2255, Rule of Procedure 4(a); F.R.Civ.P. 59; F.R.Civ.P. 60; *see also In Re Corrugated Container Antitrust Litigation*, 614 F.2d 958, 964 (5th Cir.1980); *Carvell v. United States*, 173 F.2d 348, 348–49 (4th Cir.1949).

*Rice v. McKenzie* has no bearing upon this case. Judge Blatt's evenhanded conduct of the litigation stemming from the *Myrtle S* operation belies any claim of apparent or actual partiality.

### III.

█ The defendants also argue that the jury should have been charged on a coercion defense. Although a defendant is entitled to instructions on any claim for which there is a foundation in the evidence, *United States v. Williams*, 604 F.2d 277 (4th Cir.), *cert. denied*, 444 U.S. 967, 100 S.Ct. 457, 62 L.Ed.2d 381 (1979); 2 Wright *Federal Practice & Procedure*, § 485 (1982), in this case the defendants conceded before trial that their coercion theory was a fabrication. Judge Blatt plainly had no duty to instruct the jury on a defense that he knew to be false.

### IV.

The defendants contend that the government introduced insufficient evidence that their statements were made under oath. We find this contention meritless. *See*

*United States v. Arias*, 575 F.2d 253, 254 (9th Cir.1978).

AFFIRMED.