4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Lyndon H. LAROUCHE, Jr.; William F. Wertz, Jr.; Edward W.
Spannaus, Defendants-Appellants.
 No. 92-6701.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 14, 1993.
Sept. 13, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-88-243-A, CA-92-86-AM)
 Ramsey Clark, New York, New York; Odin P. Anderson, Anderson, Rossi & Davis, Boston, Massachusetts, for Appellants.
 Richard Cullen, United States Attorney, Kent S. Robinson, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before WILKINSON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Lyndon H. LaRouche, Jr., William F. Wertz, Jr., and Edward W. Spannaus (hereinafter "the Defendants"), all of whom were convicted in 1988 on wire and tax fraud charges stemming from fund-raising efforts for the National Caucus of Labor Committees (NCLC),[1] appeal from the district court's orders refusing relief under 28 U.S.C. Sec. 2255 (1988) or Fed. R. Crim. P. 33, and denying their recusal motion. For the reasons which follow, we affirm the district court's decisions and deny the Defendants' pending motions requesting this Court to take judicial notice of certain facts not presented below.
 
 
 2
 * We turn first to the recusal issue. The Defendants argue on appeal that District Court Judge Bryan abused his discretion in failing to recuse himself from this case, because his adverse rulings in parallel bankruptcy proceedings and in the Defendants' criminal trial, as well as his comments at sentencing reflecting his strong belief that the prosecution of the Defendants was not politically motivated, created at least an appearance of bias, thus mandating recusal under 28 U.S.C. Sec. 455(a) (1988).
 
 
 3
 Recusal is required under Sec. 455(a) "in any proceeding in which [a judge's] impartiality might reasonably be questioned." However, the bias must be personal and must stem from an extrajudicial source. Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.), cert. denied, 469 U.S. 873 (1984). The mere fact that a judge has entered adverse rulings on motions or presided over other parallel proceedings is not enough in and of itself to warrant recusal. United States v. Parker, 742 F.2d 127, 129 (4th Cir.), cert. denied, 469 U.S. 1076 (1984).
 
 
 4
 As measured against these standards, we perceive no abuse of discretion in Judge Bryan's denial of the Defendants recusal motion. Judge Bryan's adverse rulings in this and other proceedings were clearly not enough in and of themselves to warrant recusal, given our decision in Parker. The challenged comments at sentencing were made in direct response to the Defendants' repeated assertions that their prosecution was politically motivated, and therefore were not reflective of extrajudicial bias.[2]
 
 II
 
 5
 We turn next to Defendants' claims (B) through (E), in which they indirectly challenge several evidentiary rulings affirmed by this Court on direct appeal on the basis of newly discovered evidence or Brady[3] violations. Stated generally, the Defendants assert that the bankruptcy petition filed by the government was filed in bad faith for the sole purpose of furthering their criminal prosecution by making it impossible to repay loans, as evidenced by testimony in subsequent proceedings and by the bankruptcy court's decision;[4] and that they have compelling new evidence, most of which was previously suppressed by the prosecution, of a conspiracy between the government and private parties to destroy the ability of the Defendants' companies to repay loans, and to generally impair the finances of the NCLC. They assert that the trial court's decision on the government's motion in limine would have been different, had this information been available at trial.[5] We disagree.
 
 
 6
 These matters were essentially considered on direct appeal and decided adversely to the Defendants, LaRouche, 896 F.2d at 826-27, and thus cannot be revisited collaterally absent a violation of Brady v. Maryland, 373 U.S. 83 (1963), or grounds for relief under Rule 33. See Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.), cert. denied, 429 U.S. 863 (1976). In order to state a Brady violation, one must show that the evidence suppressed by the prosecution was "material either to guilt or to punishment." Brady, 373 U.S. at 87. In other words, the evidence must be of such a character that it might have affected the result. United States v. Agurs, 427 U.S. 97, 104 (1976). Rule 33 similarly requires a showing of materiality. United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989). Keeping in mind that it is the character of the evidence rather than the character of the prosecution that is determinative, Agurs, 427 U.S. at 110, we find that none of the evidence presented in claims (B) through (E) warrants relief, because none of it could have altered the outcome of the Defendants' trial.
 
 
 7
 The trial court's disposition of the motion in limine and rulings on evidence pertaining to government harassment, vindictive prosecution, or financial warfare were guided by a view of the relevant jury issues as concerned only with the falsity of the loan solicitations made, and the Defendants' knowledge of those solicitations and their falsity. LaRouche, 896 F.2d at 826. The trial court found a related discovery request for all information concerning the prosecution's interviews with contributors to be overly broad. Id. at 825. Evidence of the government's role as the creditor who initiated bankruptcy proceedings was excluded at trial on the basis that such information would divert the jury's attention from the issues raised in the indictment.[6] Id. at 826-27. We affirmed these evidentiary rulings on direct appeal. Id. at 825-27.
 
 
 8
 The reasoning applied at trial and on direct appeal applies equally here: Even if we assume arguendo that the evidence of government misconduct and related matters accompanying the Defendants' Sec. 2255/Rule 33 motion is new, none of it appears to address the
 
 
 9
 Defendants' knowledge of the loan solicitations for which they were indicted or the falsity of those solicitations. Hence, this evidence, like similar evidence presented in connection with the Defendants' persistent allegations of government misconduct at trial, could not have altered the outcome.[7] We therefore affirm the district court's dismissal of claims (B) through (E).
 
 III
 
 10
 The Defendants present other evidence in claims (F) through (I) which they assert is exculpatory and which the prosecution supposedly suppressed at trial in violation of Brady . We are unconvinced.
 
 
 11
 The fact that some loans made by the NCLC were not investigated because they were likely not procured with a fraudulent intent, as suggested by a recently discovered communication between an FBI agent and field offices around the country, is not exculpatory. Other loans clearly were investigated and found to be fraudulent. Evidence that four government witnesses and former NCLC supporters had some contacts with LaRouche's political adversaries is not exculpatory. Furthermore, the Defendants had ample opportunity to explore the biases of these witnesses on cross-examination. ASec. 2255/Rule 33 motion is not an appropriate method for correcting trial derelictions.
 
 
 12
 The Defendants' assertion that the prosecution witness who recounted loan procedures falsely stated the amount of loan repayments by the NCLC and the rate at which interest was accruing, as illustrated by his testimony in a subsequent trial, likewise warrants no relief. This witness conceded at trial that loan repayments of which he was unaware were being made out of regional offices. The Defendants could have explored this concession more fully by crossexamination. Furthermore, the Defendants had substantial information concerning repayments prior to trial, as illustrated by their use of expert and other witnesses.
 
 
 13
 The Defendants also challenge the government's alleged suppression of evidence indicating that two prosecution witnesses were given witness immunity in unrelated trials-a fact that was allegedly denied during the trial of these Defendants. However, the evidence cited simply does not support the existence of promises of witness immunity. Nor have the Defendants illustrated how such information could have affected the outcome of their trial.
 
 
 14
 Finally, the Defendants assert that the prosecution created a false impression that one lender's loans were overdue when she testified for the prosecution at the Defendants' trial, and that the prosecution encouraged another lender witness to falsely state that the Defendants' conduct had deprived her of her life savings, when in fact she was a woman of some means. This evidence is obviously not exculpatory, 8 and could easily have been discovered by more searching cross-examination at trial. Once again, the Defendants' trial derelictions are not an appropriate basis for relief under Sec. 2255 or Rule 33. We affirm the district court's dismissal of claims (F) through (I).
 
 IV
 
 15
 The Defendants next assert in claim (J) that they have "significant new evidence" demonstrating that jury foreman Buster Horton had longstanding connections with law enforcement which were not disclosed during voir dire, and that three other members of the jury venire failed to answer the question of whether they or anyone in their immediate families had ever been the victim of crime or participated in a criminal case. The Defendants seek an evidentiary hearing on these issues. A hearing is required on a Sec. 2255 motion unless the motion, files, and record of the case conclusively show that the petitioner is entitled to no relief. Fontaine v. United States, 411 U.S. 213, 215 (1973). We find no basis for relief on this record, and thus affirm the district court's denial of an evidentiary hearing.
 
 
 16
 In support of their claim concerning Horton, the Defendants point to the fact that Horton is a member of an interagency task force for emergency services coordinated under the Federal Emergency Management Agency (FEMA), and in that capacity has connections with law enforcement. Because of this, they assert that Horton should have responded in the affirmative when asked at voir dire whether he had any connections with law enforcement. We agree with the district court that FEMA is not a law enforcement agency. We also note again, as we noted on direct appeal with regard to other jurors, that the mere fact that one has connections with law enforcement does not require dismissal for cause absent a showing of partiality. LaRouche, 896 F.2d at 830. No such showing was made here. Finally, the information cited by the Defendants could easily have been discerned at the time of trial with only slightly more questioning by the Defendants, given the employment information which was actually disclosed.
 
 
 17
 With regard to the claims concerning the three panel members who allegedly failed to respond properly to voir dire questioning, only one of the three actually became a jury member, and that juror is now being challenged because she had an undisclosed eight year-old bad check charge. This claim is patently without merit. Not only could the Defendants have discovered this information with due diligence (it was a matter of public record at the time of their trial); they have also failed to show that a correct response by this juror would have provided the basis for dismissal for cause. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 556 (1984). Perceiving no abuse of discretion, we affirm the district court's dismissal of claim (J).
 
 V
 
 18
 Finally, we turn to the Defendants' pending motion and supplemental motion requesting this Court to take judicial notice, under Fed. R. Evid. 201, of some twenty-one pieces of additional evidence which only came to light after this appeal was filed. For the reasons which follow, we decline to do so.
 
 
 19
 Pursuant to Rule 201, adjudicative facts not subject to reasonable dispute may be judicially noticed at any point in the proceedings. An adjudicative fact is a fact "concerning the immediate parties-who did what, where, when, how, and with what motive or intent." Fed. R. Evid. 201 advisory committee's note (quoting 2 Kenneth C. Davis, Administrative Law Treatise at 353 (1958)). Adjudicative facts must, by definition, be relevant. 21 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure Sec. 5104 at 483-84 (1977).
 
 
 20
 The facts which the Defendants want this Court to notice are not adjudicative facts within the meaning of the rule. Most of the facts they seek to have noticed were gleaned from the recent trial of Donald Moore and his coconspirators in United States v. Smith, No. 92-420A (E.D. Va.) on charges of attempting to kidnap two persons connected with the NCLC.[9] Much of that information focuses on statements made by Moore and primarily speaks to the Defendants' conspiracy of prosecution claim. In addition to information from Smith, the Defendants also ask us to notice a statement given to the FBI indicating that the declarant agreed to record conversations involving a company once associated with the Defendants, an interview with a prosecution witness, and a report in a foreign newspaper stating that the East German police orchestrated a false campaign accusing the Defendants of assassinating Olof Palme.
 
 
 21
 These facts are not appropriate for judicial notice, particularly at the appellate level, because their relevance has not been established. Nor are they indisputable. There may be no dispute among the parties that certain documents exist in the Smith case, but the same cannot be said for the content of those documents,[10] and it is the content which the Defendants ask this Court to notice. Furthermore, taking judicial notice of facts allegedly suppressed by the prosecution would be the practical equivalent of granting the Defendants a presumption that Brady material exists. They are entitled to no such presumption. Pina v. Henderson, 752 F.2d 47, 50 (2d Cir. 1985). We therefore deny the motion and supplemental motion requesting this Court to take judicial notice of facts not presented below.
 
 
 22
 In summary, we affirm the district court's dismissal of the Defendants' Sec. 2255/Rule 33 motion, and the denial of the Defendants' recusal motion. We likewise deny the pending motion and supplemental motion for judicial notice, because the facts presented are inappropriate for Rule 201 notice. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 This Court affirmed their conviction on direct appeal. United States v. LaRouche, 896 F.2d 815 (4th Cir.), cert. denied, 496 U.S. 927 (1990)
 
 
 [2]
 Although we agree with the Defendants that comments made during the course of judicial proceedings may sometimes be considered "extrajudicial" in nature, Whitehurst v. Wright, 592 F.2d 834, 838 (5th Cir. 1979), the comments here at issue are not of such a character. They grew directly out of the judicial proceeding in which they were made and simply reflected Judge Bryan's assessment of an argument raised repeatedly by the Defendants. Hence, they are no different than those comments we found acceptable in United States v. Carmichael, 726 F.2d 158 (4th Cir. 1984)
 
 
 [3]
 Brady v. Maryland, 373 U.S. 83 (1963)
 
 
 [4]
 In re: Caucus Distribs., Inc. , 106 B.R. 890 (Bankr. E.D. Va. 1989)
 
 
 [5]
 That motion, which was only partially granted, sought exclusion of certain evidence pertaining to the government's role as the creditor who initiated involuntary bankruptcy proceedings and evidence of law enforcement and intelligence activities directed at the NCLC
 
 
 [6]
 But evidence concerning the bankruptcy proceeding as the reason for the Defendants' non-payment of loans and the nature of the bankruptcy proceeding as involuntary was admitted. Id. at 826-27
 
 
 [7]
 We also note that the Defendants have greatly distorted the character of much of the evidence presented in support of these claims. They assert, for example, that the bankruptcy court found that the bankruptcy petition was filed in bad faith when in fact the bankruptcy court expressly rejected the contention that the petition was improperly motivated. In re: Caucus Distribs., Inc., 106 B.R. at 928. Much of the other evidence presented in support of these claims is equally lacking
 
 
 [8]
 The Defendants would apparently have us believe that they can only be guilty of fraud if they left every victim destitute
 
 
 [9]
 All of the defendants in the Smith case were acquitted after a jury trial
 
 
 [10]
 Indeed, the Defendants' Motion recognizes as much by stating that the veracity of some of the statements which they now present could be tested by way of an evidentiary hearing