37 F.3d 1497
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Haywood WILLIAMS, Jr., Defendant-Appellant.
 No. 94-6162.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 2, 1994.
Decided Oct. 24, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., Senior District Judge. (CR-80-14-N, CR-79-25-N)
 Laura L. Wagner, Wagner & Wagner, Richmond, VA, for appellant.
 Helen F. Fahey, U.S. Atty., Janet S. Reincke, Asst. U.S. Atty., Luz E. Nagle, Third Year Law Student, Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, WILKINSON, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Haywood Williams appeals from a district court order denying his Fed.R.Crim.P. 35(a) motions,* motion for appointment of counsel, and motion for recusal. We affirm.
 
 
 2
 Williams's first complaint, that the district court failed to follow the dictates of Fed.R.Crim.P. 32, is largely foreclosed by his statements to the contrary in open court. Cf. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (plea statements are "formidable barrier" to later collateral relief); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991) (open court statements "strong evidence"), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Further, the Rule 32 violation claims are without merit. The record reveals that the district court sufficiently complied with Rule 32.
 
 
 3
 Williams next complains that the pre-sentence report used at sentencing was inaccurate. Williams, however, fails to point to any specific error in the report. The district court properly found this claim meritless. Williams also complains that a pre-sentence report not used at sentencing was inaccurate. Because the report was not used at sentencing, no harm accrued from any alleged inaccuracy. Thus, no relief is available for this claim. Fed.R.Crim.P. 52(a). To the extent that Williams contends that the report improperly influenced prison officials in determining his custody level, the claim may be raised only under 28 U.S.C. Sec. 2241 (1988). United States v. Miller, 871 F.2d 488, 490 (4th Cir.1989).
 
 
 4
 Williams's claim that the district court failed to consider mitigating evidence is belied by the record. The district court properly denied relief on this claim. Further, Williams's double jeopardy and insufficiency claims are without legal or factual support. They were properly denied.
 
 
 5
 Williams's claims that his sentence was disproportionate to the crime committed and a violation of the Cruel and Unusual Punishments Clause are without merit. The sentences are in line with other similar sentences. See United States v. D'Anjou, 16 F.3d 604, 612-13 (4th Cir.1994), cert. denied, 62 U.S.L.W. 3861 (U.S.1994). And they were appropriate for the grave offenses Williams committed. Id. Finally, his sentence of life without parole cannot be cruel and unusual. Id. at 613-14 (citing Harmelin v. Michigan, 501 U.S. 947 (1991)). In sum, the district court properly denied Williams's two Rule 35(a) motions.
 
 
 6
 Williams also complains that the district court erred in denying his motion for appointment of counsel. The district court properly noted Williams's expertise in presenting legal claims and drafting proper pleadings and motions. Further, his claims are without merit. We find no abuse of discretion in the district court's denial of this motion.
 
 
 7
 Finally, Williams alleges that the district court erred in denying his motion for recusal. We review the decision only for abuse of discretion. United States v. Carmichael, 726 F.2d 158, 162 (4th Cir.1984). Controlling here is the requirement that the alleged bias "derive from an extra-judicial source." In re Beard, 811 F.2d 818, 824 (4th Cir.1987). Williams's allegations that the judge is biased are all based on the familiarity and involvement of the judge below with Williams's numerous previous filings. This is not personal bias and is not grounds for disqualification. Id. (citing United States v. Parker, 742 F.2d 127 (4th Cir.1984)). The district court properly denied Williams's motion for recusal.
 
 
 8
 Therefore, we affirm the district court's order denying Williams's motions. We grant Williams's motion to file a supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Because the conviction and its predicate acts both occurred prior to November 1, 1987, the prior version of Rule 35 applies