98 F.3d 1334
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Stephen Mark HAUSE, Plaintiff-Appellant,
v.
S.R. WITKOWSKI, Warden, in their individual and official
capacities; A.C. Brock, Warden, in their individual and
official capacities; Stan Burtt, Assistant Warden, in their
individual and official capacities; Dockins, Deputy Warden,
in their individual and official capacities; Rawlski, in
their individual and official capacities; M. Hughes,
Correctional Officer, in their individual and official
capacities; D. Hall, Correctional Officer, in their
individual and official capacities; Parker Evatt,
Commissioner, South Carolina Department of Corrections, in
their individual and official capacities, Defendants-Appellees.
 No. 96-6271.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 3, 1996
Decided Oct. 16, 1996
 
 Stephen Mark Hause, Appellant Pro Se. David Leon Morrison, ELLIS, LAWHORNE, DAVIDSON & SIMS, P.A., Columbia, South Carolina, for Appellees.
 Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's order denying relief on his 42 U.S.C. § 1983 (1994) complaint. We have reviewed the record and the district court's opinion accepting the magistrate judge's recommendation and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. Hause v. Witkowski, No. CA-94-1111-2-20AJ (D.S.C. Jan. 16, 1996). In addition, regarding Appellant's claim of retaliation, we note that the persons allegedly responsible are not named defendants in this action.
 
 
 2
 Further, although neither the district court nor the magistrate judge explicitly ruled on Appellant's recusal motion, the dismissal of Appellant's action is an implicit denial of the motion. The motion was properly denied, because the mere fact that a judge has entered adverse rulings on motions or presided over other parallel proceedings is not enough in and of itself to warrant recusal. See United States v. Parker, 742 F.2d 127, 128-29 (4th Cir.), cert. denied, 469 U.S. 1076 (1984). Therefore, because Appellant failed to allege any "extrajudicial" bias, we find that the district court did not abuse its discretion in denying Appellant's motion for judicial recusal. See Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.), cert. denied, 469 U.S. 873 (1984).
 
 
 3
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED