**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

STEPHEN MARK HAUSE,
<u>Plaintiff-Appellant,</u>

v.

S. R. WITKOWSKI, Warden, in their
individual and official capacities;
A. C. BROCK, Warden, in their
individual and official capacities;
STAN BURTT, Assistant Warden, in
their individual and official
capacities; DOCKINS, Deputy
Warden, in their individual and

official capacities; RAWLSKI, in their
individual and official capacities;
M. HUGHES, Correctional Officer, in
their individual and official
capacities; D. HALL, Correctional
Officer, in their individual and
official capacities; PARKER EVATT,
Commissioner, South Carolina
Department of Corrections, in their
individual and official capacities,
<u>Defendants-Appellees.</u>

No. 96-6271

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Henry M. Herlong, Jr., District Judge.
(CA-94-1111-2-20AJ)

Submitted: October 3, 1996

Decided: October 16, 1996

Before ERVIN, LUTTIG, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Stephen Mark Hause, Appellant Pro Se. David Leon Morrison,
ELLIS, LAWHORNE, DAVIDSON & SIMS, P.A., Columbia, South
Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals from the district court's order denying relief on
his 42 U.S.C. § 1983 (1994) complaint. We have reviewed the record
and the district court's opinion accepting the magistrate judge's rec-
ommendation and find no reversible error. Accordingly, we affirm
substantially on the reasoning of the district court. Hause v.
Witkowski, No. CA-94-1111-2-20AJ (D.S.C. Jan. 16, 1996). In addi-
tion, regarding Appellant's claim of retaliation, we note that the per-
sons allegedly responsible are not named defendants in this action.

Further, although neither the district court nor the magistrate judge
explicitly ruled on Appellant's recusal motion, the dismissal of
Appellant's action is an implicit denial of the motion. The motion was
properly denied, because the mere fact that a judge has entered
adverse rulings on motions or presided over other parallel proceed-
ings is not enough in and of itself to warrant recusal. See United
States v. Parker, 742 F.2d 127, 128-29 (4th Cir.), cert. denied, 469
U.S. 1076 (1984). Therefore, because Appellant failed to allege any
"extrajudicial" bias, we find that the district court did not abuse its
discretion in denying Appellant's motion for judicial recusal. See

2

Shaw v. Martin, 733 F.2d 304, 308 (4th Cir.), cert. denied, 469 U.S. 873 (1984).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3