UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4081

JOHNNIE AUSTIN JACKSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Chief District Judge.
(CR-96-11-F)

Submitted: August 29, 1997

Decided: October 1, 1997

Before WILKINS, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas K. Maher, RUDOLF & MAHER, P.A., Chapel Hill, North
Carolina, for Appellant. Janice McKenzie Cole, United States Attor-
ney, Anne M. Hayes, Assistant United States Attorney, Thomas B.
Murphy, Assistant United States Attorney, Amy Melissa Guy, Third-
Year Law Student, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Johnnie Austin Jackson appeals from his convictions of possessing a firearm from which the serial number had been removed, 18 U.S.C. §§ 922(d), 924(a)(1)(B) (1994) (count one), and dealing in firearms without a license, 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D) (1994) (count two), for which he was sentenced to two sixty-month consecutive sentences. Jackson claims that the district court abused its discretion by rejecting his plea agreement and by denying his motion for recusal. Jackson also claims that he was denied effective assistance of counsel at sentencing. Finding these claims to be without merit, we affirm.

Jackson entered into a plea agreement with the government in which he agreed to plead guilty to count one of the indictment in exchange for the dismissal of count two. The district court conditionally accepted the plea agreement, pending its review of the presentence report (PSR). The PSR stated that Jackson had sold firearms with obliterated serial numbers to James Braswell, a known drug dealer. The PSR arrived at a base offense level of 12, reduced to 10 for acceptance of responsibility, with a resulting guideline range of 6 to 12 months imprisonment. After reviewing the PSR, the district court requested that the probation officer investigate the factual background further--in particular, the extent of Jackson's dealings with Braswell. The revised PSR detailed a long history of gun sales by Jackson to Braswell. At Jackson's sentencing hearing, the district court rejected the plea agreement, finding that"[Jackson] has done a lot more than he's been charged with . . . [the] United States Attorney's office failed to advise the court the full extent of [Jackson's] involvement in his original presentence report," and referred to the government's conduct as "outrageous."

Jackson subsequently moved for the district court judge's recusal, claiming that the judge was "critical of [Jackson]" and "express[ed]

2

an opinion as to the [Jackson's] guilt and the degree of his guilt, without having heard any evidence in the case." In a written opinion, the district court denied both motions.

Jackson pled guilty to count one, without benefit of a plea agreement, and not guilty to count two. Jackson proceeded to trial before a jury on count two. After the government produced evidence that Jackson had supplied guns to Braswell, knowing that they would be used in drug transactions, he decided to plead guilty to count two. Based on the preparation of a third PSR, Jackson's base offense level was increased to 36. Jackson's attorney failed to file timely objections to the PSR. Although the guideline range was 188 to 235 months imprisonment, the district court imposed a five-year sentence for each count--the statutory maximum. Jackson appeals.

Jackson first claims that the district court abused its discretion in rejecting the plea agreement as a means of "venting frustration" with the United States Attorney's charging decision. The district court's decision to accept or reject a guilty plea is committed to the district court's discretion. See United States v. Foy, 28 F.3d 464, 472 (5th Cir. 1994); United States v. Greener, 979 F.2d 517, 519 (7th Cir. 1992). A defendant has "no absolute right to have a guilty plea accepted." Santobello v. New York, 404 U.S. 257, 260-61 (1971). Moreover, under U.S. Sentencing Guidelines Manual, § 6B1.1(c), p.s. (1996) the "court shall defer its decision to accept or reject any plea agreement pursuant to Rules 11(e)(1)(A) and 11(e)(1)(C) until there has been an opportunity to consider the presentence report." A district court may properly reject a plea agreement based on its belief that the defendant would receive a too lenient sentence. See United States v. Bean, 564 F.2d 700, 704 (5th Cir. 1977) ("A decision that a plea bargain will result in the defendant's receiving too light a sentence . . . is a sound reason for a judge's refusing to accept the agreement."); see also Greener, 979 F.2d at 520 (no abuse of discretion to reject plea when remaining count "would not adequately represent the defendant's criminal conduct"); U.S.S.G. § 6B1.2(a), p.s. (if a plea agreement calls for dismissal of charges or promises not to pursue potential charges, "the court may accept the agreement if the court determines, for reasons stated on the record, that the remaining charges adequately reflect the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of

3

sentencing or the sentencing guidelines"). Here, the district court rejected the plea agreement, stating that it would "not accept an information that caps [Jackson's] imprisonment at 60 months when he supplied guns for seven years, apparently, to drug dealers." We find the district court's reason for rejecting the plea agreement--that the agreement did not adequately represent Jackson's criminal conduct-- was within its discretion.

Next, Jackson asserts that the district court judge abused his discretion in denying the motion for recusal, claiming that the judge's statements regarding the government's conduct "raised at least the appearance that the court could not be impartial." (Appellant's Br. at 27). This court reviews the denial of a motion to recuse only for abuse of discretion. See United States v. Gordon, 61 F.3d 263, 267 (4th Cir. 1995). Alleged bias must derive from an "extra-judicial source." In re Beard, 811 F.2d 818, 824 (4th Cir. 1987). A judge is not disqualified because his familiarity with the facts of a case stem from his judicial conduct in presiding over earlier proceedings. See United States v. Parker, 742 F.2d 127 (4th Cir. 1984). Moreover, judicial rulings almost never constitute valid bases of an impartiality motion. See United States v. Grinnell Corp., 384 U.S. 563, 583 (1966) ("The alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case."). "Judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Liteky v. United States, 510 U.S. 540, 555 (1994).

Finally, Jackson claims that he was denied effective assistance of counsel at sentencing because his attorney failed to file timely objections to the presentence report.* A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C.A.§ 2255 (West 1994 & Supp. 1997), and not on direct appeal, unless it "conclusively appears" from the record that counsel did not provide effective assistance. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.

_____

*Jackson's attorney moved for a continuance on the day of sentencing to allow him additional time in which to respond to the PSR. The district court denied his motion.

4

1991). We find that it does not conclusively appear from the face of the record that Jackson's defense counsel failed to provide effective representation. Therefore, Jackson should assert this claim in a § 2255 proceeding.

Accordingly, we affirm Jackson's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5