**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MICHAEL J. MORRISSEY,
<u>Plaintiff-Appellant,</u>

and

CATHERINE M. JACKSON; DOROTHY
LUX MORRISSEY, by Catherine M.
Jackson and Michael J. Morrissey
as her next-of-friends,

<u>Plaintiffs,</u>

v.

No. 99-1230

COUNTY OF HENRICO, VIRGINIA;
HENRICO COUNTY SHERIFF'S OFFICE;
JEAN TODD; MARTHA CALLOWAY;
DOROTHY LOUISE MORRISSEY, a/k/a
Lu Morrissey; JAMES MOORE,
<u>Defendants-Appellees,</u>

and

AL HARRIS,
<u>Defendant.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CA-98-255-3)

Submitted: October 26, 1999

Decided: November 19, 1999

Before WILKINS and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

## COUNSEL

Michael J. Morrissey, Appellant Pro Se. Joseph Dudley McCluskey, Laura Graham Fox, LECLAIR RYAN, P.C., Richmond, Virginia; R. Shawn Majette, Julie M. Whitlock, Karen Elizabeth Dunivan, THOMPSON & MCMULLAN, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Michael J. Morrissey appeals the district court's order denying relief on his 42 U.S.C.A. § 1983 (West Supp. 1999) complaint. Finding no reversible error, we affirm.

Morrissey's complaint alleged that the Defendants forcibly removed his mother from her home on the false pretense of a concern regarding her health. One of Morrissey's sisters, Catherine M. Jackson,[1] joined him in the lawsuit, and they also sued on behalf of their mother as her next friend. Morrissey and Jackson named Henrico County, the Henrico County Sheriff's Office, social worker Jean Todd, social worker Martha Calloway, Henrico Circuit Court Judge Al Harris, Henrico County Attorney James Moore, and their sister Lu Morrissey as Defendants. They alleged various state and federal law claims, including violations of their right to privacy, violation of familial rights, violation of property rights and the right of liberty, violation of state and federal due process rights, assault and battery, false

_____

[1] Pursuant to Fed. R. Civ. P. 40(a)(1) and (2), Jackson voluntarily dismissed her claims and is not a party to this appeal.

2

imprisonment, gross negligence, and intentional infliction of emotional distress.

According to the district court's order, Morrissey voluntarily dismissed his claims against Defendants Judge Harris and Lu Morrissey pursuant to Fed. R. Civ. P. 41(a)(1). The district court granted summary judgment pursuant to Fed. R. Civ. P. 56 in favor of the remaining Defendants.

Morrissey raises ten issues on appeal in his informal brief. Specifically, he alleges that the district court erred by (1) denying Morrissey's right to pursue discovery; (2) granting qualified and absolute immunities to Defendants; (3) allowing Defendant Henrico Sheriff Mathews to suggest a person to act as a guardian ad litem to investigate whether Mrs. Morrissey should pursue her case against Mathews; (4) denying Morrissey the right to represent his mother as her next friend; (5) refusing Morrissey's motion for recusal; (6) dismissing the case against Defendant Lu Morrissey; (7) conducting an extensive inquiry as to Defendants' costs; (8) failing to support its action with any evidence and without establishing any factual record; (9) not citing sufficient legal authority; and (10) ruling that Defendant Judge Harris had absolute immunity.

In order to permit consideration of all issues raised by Morrissey's appeal, this court twice instructed Morrissey to arrange for preparation of a transcript of the relevant district court hearings either at his expense or by applying for in forma pauperis status. Morrissey failed to comply with our request. We find that issues (2), (7), and (8) cannot be adequately addressed without review of these transcripts. Accordingly, we find that Morrissey has waived review of these claims.

Additionally, we find that Morrissey waived claims (6) and (10) by voluntarily dismissing his claims against Lu Morrissey and Judge Harris. A voluntary dismissal without prejudice under Fed. R. Civ. P. 41(a)(1) is not appealable. See Unioil, Inc. v. E.F. Hutton & Co., 809 F.2d 548, 555-56 (9th Cir. 1986).

Morrissey presumably based his allegations in issue (1) on the district court's order granting the Defendants' motion for a protective

3

order pursuant to Fed. R. Civ. P. 26(c). We have held that "[a]n order under rule 26(c) is committed to the discretion of the trial court and will not be disturbed on appeal unless the court has abused its discretion. Abuse may be demonstrated by a clear showing that denial of discovery has caused substantial prejudice." M & M Medical Supplies & Serv., Inc. v. Pleasant Valley Hosp., Inc., 981 F.2d 160, 163 (4th Cir. 1992) (en banc) (citations omitted). After reviewing the record, we find that Morrissey has failed to establish substantial prejudice and discern no other basis to conclude that the district court abused its discretion in granting a protective order halting discovery.

Issues (3) and (4) both involve the district court's determination that Morrissey was not the appropriate person to represent his mother's interests in court. Under Fed. R. Civ. P. 17(c), we find that Morrissey did not have the authority to file a lawsuit on behalf of his mother as her next friend (as he alleges in issue (4)) because she already had a state appointed guardian to act on her behalf.**2** Morrissey also alleges in issue (3) that the district court unfairly asked Henrico County Sheriff Mathews to investigate whether his mother should pursue her claims against him. The record belies this claim. The district court simply asked Mathews, as Mrs. Morrissey's state-appointed guardian, to suggest candidates for a guardian ad litem to represent Mrs. Morrissey's interest in the lawsuit. The district court recognized that a conflict of interest existed because Morrissey named Mathews as a Defendant in the lawsuit and correctly determined that an independent appointment was necessary to adequately protect Mrs. Morrissey. See Fed. R. Civ. P. 17(c); Genesco, Inc. v. Cone Mills Corp., 604 F.2d 281, 285 (4th Cir. 1979). Accordingly, we uphold the district court's decision to appoint a guardian ad litem to represent Mrs. Morrissey's interests.

We further find that Judge Payne did not err in refusing to recuse himself under 28 U.S.C. § 455 (1994). We review a district judge's refusal to recuse himself for abuse of discretion. See United States v. DeTemple, 162 F.3d 279, 283 (4th Cir. 1998), cert. denied, ___ U.S.

_____

**2** To the extent that Morrissey appeals the district court's order in this court as her next friend, we also find that he lacks standing to represent her interests. Further, Mrs. Morrissey's claims were voluntarily dismissed pursuant to Fed. R. Civ. P. 41(a)(1) and are not appealable.

___, 119 S.Ct. 1793 (1999); United States v. Gordon, 61 F.3d 263, 267 (4th Cir. 1995). Morrissey bases his claim on Judge Payne's knowledge of Morrissey's propensity to sue and his determination that Morrissey has previously sued nearly 200 defendants. We find that any knowledge obtained by Judge Payne regarding Morrissey's litigious nature was acquired through his involvement in judicial proceedings and does not constitute personal bias. See United States v. Parker, 742 F.2d 127, 128 (4th Cir. 1984); United States v. Carmichael, 726 F.2d 158, 160-61 (4th Cir. 1984). Accordingly, we find that the district court did not abuse its discretion in denying Morrissey's motion for recusal.

Finally, we find that Morrissey's claim that the district court failed to cite sufficient legal authority (issue (9)) is frivolous and without merit.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5