**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-1070**

_____

PRECISION WEATHER SOLUTIONS INC.,

      Plaintiff - Appellant,

       v.

FARMERS EDGE INC.; FARMERS EDGE (US), INC.,

      Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:21-cv-00821-LO-IDD)

_____

Submitted:  November 28, 2022                Decided:  February 22, 2023

_____

Before THACKER, HARRIS, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Donald E. Stout, FITCH, EVEN, TABIN & FLANNERY LLP, Washington, D.C.; Mark L. Hogge, R. Tyler Goodwyn IV, Nicholas H. Jackson, Elissa C. Jeffers, Song K. Jung, DENTON US LLP, Washington, D.C., for Appellant.  Tiffany R. Caterina, Los Angeles, California, Glenda Dieuveille, FRANKFURT KURNIT KLEIN + SELZ PC, New York, New York; Edward John Steren, EPSTEIN BECKER GREEN, Washington, D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case began as a contract dispute between two Canadian companies, Precision Weather Solutions Inc. and Farmers Edge Inc.  When a Canadian court denied Precision Weather a preliminary injunction against Farmers Edge, Precision Weather filed a similar suit in federal court in the Eastern District of Virginia.  That court dismissed Precision Weather's case under the doctrine of *forum non conveniens*, and Precision Weather now appeals.  For the reasons given below, we affirm.

**I.**

Precision Weather Solutions Inc. is a Canadian corporation based in the province of Manitoba, offering weather forecasting services to its clients through a software platform. Farmers Edge Inc., also a Canadian corporation with its principal place of business in Manitoba, entered into a series of agreements with Precision Weather to license its software platform.

Disputes soon emerged and Farmers Edge sued Precision Weather in Canadian court in Manitoba.  Precision Weather counterclaimed, alleging that Farmers Edge had misappropriated its intellectual property and incorporated it into its own software platform. In March 2021, the Canadian court denied Precision Weather a preliminary injunction.

Soon after, Precision Weather filed the instant suit in the Eastern District of Virginia.  Precision Weather's action was based on the same underlying events as the Canadian action and raised similar claims, though it also added new claims for misappropriation of trade secrets under federal and Virginia state law.  *See* 18 U.S.C.

2

§ 1386; Va. Code §§ 59.1-336-59.1-343.   Precision Weather also added a second defendant:  Farmers Edge (US), Inc., a Minnesota subsidiary of Farmers Edge.  According to Precision Weather, the district court had personal jurisdiction over its case because the two defendants conducted business in the Eastern District of Virginia, and venue was proper because some part of its injuries also arose in that district.

The defendants moved to dismiss Precision Weather's action on multiple grounds, including lack of personal jurisdiction and improper venue.  The upshot of their argument was that the original court in Manitoba, Canada, and not the Eastern District of Virginia, remained the appropriate venue for adjudication of the case:  Precision Weather's claims involved disputes between two Canadian companies, based on conduct that occurred primarily in Canada; as a result, all the key documents and witnesses were in Canada; and the current action was duplicative of the still-pending Canadian litigation.

After initial proceedings and a first ruling that need not be detailed here, Precision Weather moved to disqualify the district court judge.  According to Precision Weather, the judge's "impartiality might reasonably be questioned," *see* 28 U.S.C. § 455(a), because he held a bank account at a financial institution that Precision Weather might want to call as an expert witness, to opine on the valuation of Farmers Edge.

Ultimately, the district court dismissed Precision Weather's action under the doctrine of *forum non conveniens*, a common-law doctrine that allows for dismissal "when an alternative forum exists, is available and is more convenient for the parties."  *Precision Weather Sols. Inc. v. Farmers Edge Inc.*, No. 1:21-cv-00821 (E.D. Va. Jan. 12, 2022), J.A. 1919 (citing *BAE Sys. Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition*

3

*Program Admin.,* 884 F.3d 463 (4th Cir. 2018)).  The district court's decision rested on two independent and alternative grounds.  J.A. 1919–21.

First, the court relied on a forum-selection clause in a confidentiality agreement between Precision Weather and Farmers Edge, which provided that "the parties submit to the exclusive jurisdiction of the Courts of Manitoba."  J.A. 1916.  That clause, the court concluded, was properly construed as mandatory, exclusive, and applicable to the pending complaint.  J.A. 1918.  Under well-established Fourth Circuit precedent, the court finished, such clauses control in all but the most exceptional cases, and Precision Weather had done nothing to meet its burden of overcoming that presumption.  J.A. 1919; *see BAE Sys.*, 884 F.3d at 470–71 (4th Cir. 2018) (describing the modified *forum non conveniens* standard triggered by a mandatory forum-selection clause).

Second, the district court conducted what it termed the "traditional analysis of *forum non conveniens*," J.A. 1919 – that is, the analysis that applies in the absence of a forum-selection clause.  The threshold question, the court explained, was whether there was an "available and adequate" alternative forum for the action.  *Id.* at 1920.  Here, the court concluded, the Canadian forum clearly was available, as the parties already were litigating there.  *Id.*  And even if, as Precision Weather alleged, certain remedies it sought would not be available in Canadian court, that would not by itself render the Canadian forum "inadequate."  *Id.* (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 258 (1981)).  The court then considered the "ultimate inquiry" of where trial would "best serve the convenience of the parties and the ends of justice."  *Id.* (quoting *DiFederico v. Marriot Int'l., Inc.*, 714 F.3d 796, 804 (4th Cir. 2013).  The court had little difficulty in determining that the balance of

4

public and private factors favored the Canadian forum:  the parties are two Canadian companies and a subsidiary of a Canadian company; it would be "clearly more convenient" for the case to be litigated in Canada, and decidedly inconvenient for the parties to litigate a "duplicative proceeding" in Virginia; and Canada has a "local interest in having localized controversies decided at home." *Id.* (internal quotation marks omitted).

Accordingly, the district court dismissed Precision Weather's case with prejudice on *forum non conveniens* grounds alone. J.A. 1923.[1]  Precision Weather noted its appeal the next day.  A few weeks after that, the district court issued an order regarding Precision Weather's recusal motion, explaining that the motion was denied because nothing about holding a bank account at an institution that might (or might not) be called as an expert witness could call into question the court's impartiality. *Precision Weather Sols. Inc. v. Farmers Edge Inc.*, No. 1:21-cv-00821 (E.D. Va. Feb. 4, 2022), J.A. 1926–27.

## II.

On appeal, Precision Weather primarily challenges the dismissal of its action on *forum non conveniens* grounds.  It also argues that the district court improperly denied its motion to recuse.  Substantially for the reasons given by the district court, we affirm.

---

[1] As the district court explained, its *forum non conveniens* determination made it unnecessary to address the defendants' alternative grounds for dismissal.  J.A. 1921; *see Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007) (court may dismiss on threshold *forum non conveniens* grounds without resolving underlying jurisdictional issues).

5

## A.

We begin with the district court's *forum non conveniens* determination, which is "committed to the sound discretion of the trial court." *Piper Aircraft*, 454 U.S. at 257; *see Tang v. Synutra Int'l., Inc.*, 656 F.3d 242, 248, 253 (4th Cir. 2011) (applying abuse of discretion standard). We discern no abuse of discretion in the district court's finding that a traditional *forum non conveniens* inquiry favors a Canadian forum. We therefore affirm the district court on that ground alone, without addressing the potential effect of the contractual forum-selection clause.

The *forum non conveniens* analysis requires a court to consider whether an alternative forum was "available" and "adequate," and, if so, whether it was "more convenient in light of the public and private interests involved." *Tang*, 656 F.3d at 248 (setting out standard). Ordinarily, there is a strong presumption in favor of the plaintiff's choice of forum, but "because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient," the choice of a foreign plaintiff like Precision Weather "deserves less deference." *Piper Aircraft*, 454 U.S. at 256. And as the district court explained, a court retains the authority to dismiss on *forum non conveniens* grounds even when, as here, a defendant has not sought that remedy, at least in so many words. J.A. 1920–21; *see also United States v. Moussaoui*, 483 F.3d 220, 236 (4th Cir. 2007) (discussing inherent authority of courts to dismiss *sua sponte* on grounds of *forum non conveniens*); *cf.* J.A. 58–60, 1546–47 (Farmers Edge arguing that Canadian forum is available and would be more convenient in seeking dismissal on venue grounds).

6

As the district court recognized, the threshold *forum non conveniens* inquiry is into the "availability" and "adequacy" of an alternative forum. J.A. 1920. "Availability will ordinarily be satisfied when the defendant is amenable to process in the other jurisdiction," *Tang*, 656 F.3d at 249 (internal quotation marks omitted), and here, as the district court explained, parallel litigation already has commenced in Canadian court.[2]  Precision Weather focuses primarily on "adequacy," arguing that its Canadian forum is not "adequate" because Canadian law does not recognize its newly-alleged claims for trade secret appropriation and will limit it to recovery on its other claims. But as the district court explained, that specific causes of actions or remedies may be unavailable in a foreign venue does not, without more, render that forum inadequate. *See Piper Aircraft*, 454 U.S. at 247, 250 (holding that application of "less favorable" law in alternative forum does not by itself preclude *forum non conveniens* dismissal and generally should not be given "substantial weight" in analysis); *Tang*, 656 F.3d at 250 (explaining that foreign forum is not "inadequate" merely because the plaintiffs "may not enjoy the same benefits as they might receive in an American court" (internal quotation marks omitted)). Nor is this a case

---

[2] Precision Weather suggests, for the first time on appeal, that the Canadian court might lack jurisdiction over new defendant Farmers Edge (US), the Minnesota subsidiary of Farmers Edge. Ordinarily we do not consider arguments that the parties did not press before the district court. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). In any event, the core of Precision Weather's claim is against Farmers Edge, based on that Canadian company's alleged theft of proprietary information in Canada. If Farmers Edge (US) is meaningfully implicated in that conduct in some way independent of Farmers Edge, then we do not doubt that a Canadian court could assert jurisdiction over the entire dispute, notwithstanding Farmers Edge (US)'s American domicile – as even the cases cited by Precision Weather suggest. *See Club Resorts Ltd. v. Van Breda*, [2012] 1 S.C.R. 572 (Can.).

7

in which it can be said that the remedy provided by the foreign forum is so empty that it amounts to "no remedy at all," *Piper Aircraft*, 454 U.S. at 254, given that Precision Weather already has asked the Canadian court to grant it meaningful relief – damages and an injunction – on its claims of fraud in the inducement, conversion, and unjust enrichment, all arising from the same alleged misappropriation of intellectual property.

That leaves the final weighing of the relevant private and public interest factors to determine "where trial will best serve the convenience of the parties and the ends of justice." *DiFederico*, 714 F.3d at 804 (internal quotation marks omitted). Again, we find eminently reasonable the district court's conclusion that these factors favor a Canadian forum. As the district court explained the parties to this case are two Canadian corporations and one of their subsidiaries, which means that it "clearly is more convenient" to continue litigating the case in Canada: As Farmers Edge argued before the district court, Canada, not Virginia, is where the witnesses and documentary evidence are located. J.A. 1920; *see Tang*, 656 F.3d at 252 (identifying "relative ease of access to sources of proof" as key private interest factor (internal quotation marks omitted)). By the same token, litigating a "duplicative proceeding concerning the same factual questions" in Virginia, where no party is domiciled and no misappropriation of technology is alleged to have occurred, would be cumbersome and inconvenient. J.A. 1920. And finally, as the district court recognized, in this Canada-centric case – alleging that one Canadian corporation entered into Canadian contracts to access another Canadian corporation's technology and then misappropriated that technology in Canada – Canada has a "local interest in having [this] localized

8

controvers[y] decided at home." *Piper Aircraft*, 454 U.S. at 260 (internal quotation marks omitted).

## B.

Precision Weather also argues that its motion to disqualify the district court judge was improperly denied. Again, we disagree.

We review a district court's recusal decision for abuse of discretion. *See Kolon Indus. Inc. v. E.I. DuPont de Nemours & Co.*, 748 F.3d 160, 167 (4th Cir. 2014). Under 28 U.S.C. § 455(a), a district judge shall disqualify himself from "any proceeding in which his impartiality might reasonably be questioned." Here, Precision Weather sought disqualification because the district court judge had a "financial relationship" with Raymond James Ltd. – in the form of a bank account – which was a problem because Precision Weather might want to depose Raymond James, a Farmers Edge underwriter, as an expert witness regarding Farmer Edge's valuation.

We perceive no "reasonable basis . . . for doubting the judge's impartiality." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987) (denying writ of mandamus to disqualify district court judge). First, as the district court explained, a bank account is not the kind of "financial interest" that may give rise to a perceived conflict of interest here, in that its value would not be affected by the financial well-being of Raymond James. J.A. 1927; *see* 28 U.S.C. § 455(d)(4) (defining "financial interest" for recusal purposes). Moreover, again as the district court explained, there also is no account for how Raymond James itself could be affected by litigation in which it participated only as an expert witness. J.A. 1926. And finally, we see no abuse of discretion in the district court's determination that Precision

9

Weather's "speculative musing that Raymond James could be a possible witness during discovery" was in any event too "hypothetical" to mandate recusal. *Id.* at 1927.

Though Precision Weather's argument on this point is not well developed, its main contention appears to be that the district court erred by ruling on its motion only after an appeal was noticed. It is true that once Precision Weather took an appeal from the dismissal of its case, the district court likely would have been divested of authority to adjudicate the motion to disqualify. *See Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (observing that a timely notice of appeal generally transfers jurisdiction of case to court of appeals). Here, however, we understand the district court to have ruled on the motion before the notice of appeal, denying that motion implicitly when it did not recuse itself and instead dismissed Precision Weather's case with prejudice. *See Hause v. Witkowski*, 98 F.3d 1334, at *1 (4th Cir. 1996) (unpublished table decision) (finding that although the district court had not "explicitly ruled" on a recusal motion, its dismissal of the action was an "implicit denial" of that motion). Although the court's *explanation* for its decision came later, in other words, the court's *adjudication* of the recusal motion came before the divestiture rule shifted authority to this court. *See United States v. Jenkins*, 22 F.4th 162, 168 n.5 (4th Cir. 2021) (divestiture rule does not apply where district court decides matter before notice of appeal but dockets explanatory order after appeal).

10

**III.**

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*